**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stine Seed,

      Plaintiff,

v.

Mitchel J. Rowe and SureFlex Hybrids,
LLC,

      Defendants.

Case No. 25-cv-3656 (ECT/JFD)

**ORDER**

This matter is before the Court on Plaintiff Stine Seed's Motion to Compel Discovery (Dkt. No. 37). Defendants Mitchel J. Rowe and SureFlex Hybrids, LLC did not respond to the motion, despite receiving two extensions to do so. (*See* Dkt. Nos. 43, 48.) The Court therefore canceled the motion hearing and took the motion under advisement on the papers, without oral argument. (Dkt. No. 50.) As set forth below, the motion to compel is granted, but Plaintiff's request for attorneys' fees is denied.

Judgment has been entered against Defendants for the principal amount of $1,174,823.27 and for post-judgment interest in the amount of $43,774.24. (Dkt. No. 28.) On February 23, 2026, Plaintiff served post-judgment interrogatories and document requests on Defendants seeking information about Defendants' assets and liabilities to aid Plaintiff in executing the judgment. Defendants did not object or otherwise respond to the discovery requests by the 30-day deadline. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2).

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The Rule "allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment." *Credit Lyonnais, S.A. v. SGC Int'l Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). A party may seek to compel post-judgment discovery by court order. *See id.* at 429–31.

Defendants did not object or otherwise respond to Plaintiff's discovery requests by the 30-day deadline (or thereafter), nor did Defendants respond to Plaintiff's motion to compel. The Court has independently reviewed Plaintiff's discovery requests and finds them relevant and proportional. The Court therefore grants the motion to compel.

Plaintiff also seeks an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court finds that the circumstances of this case make an award of attorneys' fees unjust. This case is closed, and a judgment for more than a million dollars has been entered

against Defendants. In addition, Defendants are without counsel after their counsel was granted leave to withdraw, in part because Defendants did not pay them. The Court is not inclined in this instance to impose costs on pro se parties who appear to be without resources.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Stine Seed's Motion to Compel Discovery (Dkt. No. 37) is **GRANTED**;

2. Defendants must respond to Plaintiff's discovery requests within 14 days of the date of this Order; and

3. Plaintiff's request for an award of attorneys' fees is **DENIED.**

Date: June 9, 2026                    *s/ John F. Docherty*
                                      JOHN F. DOCHERTY
                                      United States Magistrate Judge

3